IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC CHARLES BARRON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:26-cv-1621-S-BN |
| | § | |
| FRONTIER LONG TERM | § | |
| INVESTMENTS LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Without paying the filing fee, Plaintiffs who are all members of the Barron family filed this *pro se* lawsuit alleging claims under 42 U.S.C. § 1983 challenging the use of "a procedurally defective state court system to seize Plaintiffs' real property." *See* Dkt. No. 3. The presiding United States district judge referred Barron's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the Barrons also filed an emergency *ex parte* motion for temporary restraining order. *See* Dkt. No. 10.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion for a temporary restraining order and dismiss the complaint without prejudice for lack of jurisdiction under the *Rooker-Feldman* doctrine.

### Legal Standards

A district court is required to screen a civil complaint filed IFP (that is, without

payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing

- 2 -

'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

And, if the party invoking federal jurisdiction fails to establish it, the lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

As to dismissal for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So,

"[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899

(5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

And, for a request for a temporary restraining order or preliminary injunctive relief, such an injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted). As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

"To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted). The United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned

up).

## Analysis

I.    <u>The Court should dismiss Barron's complaint</u>.

Barron's complaint asserts claims under 42 U.S.C. § 1983 against Frontier Long Term Investments, LLC ("Frontier"), and Bryan Beavers, in his official capacity as Sheriff of Kaufman County. *See* Dkt. No. 3 at 2-3. The Barrons' claims arise from the sale of their property to Frontier through an order of sale issued by the Kaufman County Clerk in connection with a judgment on a tax lien suit, Case No. 109208-CC2, *Terrell Independent School District, et al. v. Michael Barron, et al. See* Dkt. No. 10 at 18-19.

The Barrons assert that the tax deed is "demonstrably and mathematically void *ab initio* due to illegal overcharges regarding tax sale fees." Dkt. No. 3 at 2. The Barrons further allege that they unsuccessfully filed various lawsuits and motions in the Kaufman County state courts in an attempt to halt their eviction. *See id.* at 2-3. And they assert that their eviction based on the sale of their former property under a tax lien judgment issued by the Kaufman County Court and the state court's dismissal of their claims without an evidentiary hearing violates procedural due process. *See id.* at 3-4.

Enforcement of a state court's orders lies with the state court, and issues with its enforcement are matters that should be appealed through the state courts as the federal district courts lack jurisdiction "to modify or reverse" a state proceeding under the *Rooker-Feldman* doctrine. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th

Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *accord Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) (noting that the doctrine prevents "thinly veiled attempt[s] to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders").

The Barrons' claims seeking to void the tax sale of their former property and obtain damages for wrongful eviction are "inextricably intertwined" with the state court judgment. *Liedetke*, 18 F.3d at 318 (dismissing Section 1983 due process claims and claims for declaratory and injunctive relief under *Rooker-Feldman*); *see also Moore v. Tex. Ct. of Crim. App.*, 561 F. App'x 427 (5th Cir. 2014) (same); *Price v. Porter*, 251 F. App'x 925, 926-27 (5th Cir. 2009) (claims that state court judgment violated due process and equal protection because of judicial conflict of interest dismissed under *Rooker-Feldman*). "Constitutional questions arising in state proceedings must be resolved by the state courts, with recourse at the federal level available only through an application for a writ of certiorari to the United States Supreme Court." *Price*, 251 F. App'x at 926 (citing *Liedtke*, 18 F.3d at 317).

So the Barrons' complaint should be dismissed without prejudice for lack of jurisdiction under the *Rooker-Feldman* doctrine.

And, to the extent that the state court judgment is not final, this Court should

abstain from interfering in the state court proceedings under the *Younger* abstention doctrine. That doctrine requires that federal courts decline to exercise jurisdiction where three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (cleaned up); *accord Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The requested relief seeking to void the tax sale of the property at issue would undoubtedly interfere with the state proceeding. And the state proceeding at issue is a tax lien lawsuit brought by several local governmental entities, which the state has an important interest in regulating. The state also has an important interest in eviction proceedings. *See Weaver v. Parker*, No. 6:23-cv-454-JDK-KNM, 2023 WL 7232851, at *2 (E.D. Tex. Oct. 6, 2023) (finding that Texas has an important interest in real property rights (citing Chamberlain v. 624 Orleans, LP, No. 1:11-cv-140, 2011 WL 1627080, at *3 (E.D. Tex. Apr. 18, 2011) (finding that process set up by Texas for eviction proceedings evidences important state interest))), *rec. adopted by* 2023 WL 7221343 (E.D. Tex. Nov. 2, 2023).

Finally, the Barrons have the opportunity to raise constitutional challenges in the ongoing state proceedings. *See Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) ("The

- 8 -

relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (citing *Moore*, 442 U.S. at 425)). The fact that the Barrons assert that they raised their non-constitutional claims about the validity of the tax deed but that they were dismissed in response to a plea to the jurisdiction does not mean that they did not have the opportunity to raise non-frivolous constitutional challenges in the state proceedings, including through the state appellate process.

II.    The Court should deny all injunctive relief.

For all the reasons stated above, the Barrons also have not shown a substantial likelihood of success on their claims, so the Court should deny their motion for a temporary restraining order. *See Bluefield Water Ass'n*, 577 at 252-53.

### Recommendation

The Court should deny the motion for a temporary restraining order [Dkt. No. 10] and dismiss the complaint without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 22, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE